

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Joe P. Hatchitt
District Attorney
Corpus Christi, Texas

Dear Sir:                    Attention: Authur A. Klein

Opinion No. 0-4611
Re: Under the facts submitted should
the district attorney proceed
with the hearing concerning the
destruction of gambling devices?

From your recent letter we are apprised of the follow-
ing facts:

Officers seized certain gambling devices and slot
machines at a club being operated in the city of Brownsville.
After ascertaining the name and address of the owner of the
seized machines, they proceeded to his home to arrest him. At
the rear of the residence they observed a warehouse and ap-
proaching it saw slot machines through an open door. The owner
was not present and the officers left to make further inquiry
and search for him. Later they returned to the warehouse and
without a search warrant, proceeded to take into their possession
ten slot machines. Proceedings for the destruction of the ten
slot machines having been instituted, the owner now contests
their destruction on the grounds:  (1) the officers had no
search warrants; (2) the equipment seized was on the owner's
home premises; (3) the machines seized were not being used at
the time for gambling purposes.

As we understand your inquiry, you wish to know whe-
ther the machines seized at the warehouse may be legally des-
troyed.

The Dallas Court of Civil Appeals in two recent cases
seems to have rendered opinions decisive of your question. We
refer to Callison v. State, 146 S. W. (2d) 468, and Hightower v.
State, 156 S. W. (2d) 327. In the latter case writ of error
was refused by the Supreme Court on January 14, 1942. In the
Callison case no writ was sought.

The facts in the Callison case disclose that police officers of the city of Dallas by virtue of a warrant properly obtained, seized several thousand punchboards, labels and other punchboard accessories from a warehouse of the appellant. The district attorney of Dallas County in compliance with Articles 636 and 637 of the Penal Code proceeded to file for a destruction order upon said devices seeking their destruction as gambling devices. At a hearing before the trial court the devices were ordered destroyed. On appeal the Court of Civil Appeals reversed the trial court, holding that for the devices to be within the contemplation of Articles 636 and 637, Penal Code, it must appear that the devices were being used or exhibited for gaming purposes. While the court held that punchboards were gambling devices per se and could not be used for any other purpose, we quote the following language with reference to the proposition that the devices must be exhibited or be used for gaming purposes:

"The aim of the statute, under which this proceeding is brought, is to prohibit the use or exhibition of all possible games that fall under the classification of lotteries or gambling devices. The character of the property seized, that is, its make-up, does not authorize its confiscation and destruction. The boards were stored and locked in a warehouse, and were, in no manner, used or exhibited for the purpose of gaming or obtaining betters.

"In the enactment of the statutes under which this action was brought, the Legislature did not see fit to condemn all property that might be used for gaming, and authorize its destruction, unless it be shown that such property was designed for gaming and was, at the time of seizure, being used for the purpose of gaming. Thus, courts cannot extend the statute so that gaming devices may be confiscated and destroyed in the absence of evidence that same were being used or exhibited for gaming. That such was not defendant's purpose, is evident. The property was so stored that it could not reasonably be said that it was exhibited, and, certainly, it was not being used for gaming.

"The judgment of the court below is re-
versed, the order condemning, confiscating and
destroying defendant's property is set aside,
and the cause is remanded with instructions that
the property seized be ordered returned to de-
fendant."

In the Hightower case, supra, the court said a slot
machine is not a "gaming device per se" and courts cannot
take judicial notice that every slot machine is a gambling
device, since the use to which it is put must determine its
character. It was also asserted that the fact that gambling
was the only reasonable and profitable purpose for which
slot machines might be used did not authorize their destruc-
tion in absence of a showing that the machines were made to
pay off, that an understanding was had with the proprietor
to the same effect or that the proprietor knew of and
acquiesced in the betting.

We have come to the conclusion, in view of the
holding in the above cases, that the machines seized in
the warehouse as described by you, are not subject to des-
truction under the statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodell
Assistant

BW:GO:jl

APPROVED
OPINION
COMMITTEE

By /s/ BWB
CHAIRMAN